IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC D. STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3097 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BRUNO, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Eric Stephenson ("plaintiff") filed his complaint in this matter on May 12, 2014 (Filing No. 1). Plaintiff was given leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Also pending is plaintiff's motion to appoint counsel (Filing No. 9).

### I.  SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 28 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff also raises various state law claims, including claims for negligence, libel, and defamation.

Plaintiff is incarcerated at the Omaha Correctional Center in Omaha, Nebraska. The Court takes judicial notice of Nebraska Department of Correctional Services public records, which show that plaintiff was convicted of intentional child abuse in Lancaster County, Nebraska, and began his sentence on November 5, 2013. See *Stutzka v. McCarville*, 420 F.3d 757, 761,

n.2 (8th Cir. 2005) (court may take judicial notice of public records).

Plaintiff names the following individuals as defendants in this action: David Bruno, C.J. Roberts, Lincoln Police Department ("LPD") Officer D. Lind, and Deputy County Attorney Holly Parsley.[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that in early 2012, the Department of Health and Human Services ("DHHS") appointed Bruno to investigate allegations that plaintiff and his girlfriend were exposing his girlfriend's minor children to domestic violence and drug use, allegations that plaintiff claims were unfounded. (*Id.* at CM/ECF pp. 2-3.) Following the birth of plaintiff's and his girlfriend's infant son in September of 2012, Bruno took steps to remove the infant from plaintiff's care. On October 2, 2012, Bruno visited plaintiff's residence and later "alleged that he smelled a strong odor of marijuana coming from the window of the residence." (*Id.* at CM/ECF p. 3.) Plaintiff claims he and his girlfriend were not inside the residence at the time. (*Id.*) Later the same day, Bruno and several LPD officers visited plaintiff's home. Plaintiff informed them they did not have permission to enter the residence. For the next three weeks, Bruno and law enforcement

---

[1] Plaintiff lists Jon Bruning as the sole defendant in the caption of his motion to appoint counsel. (*See* Filing No. 9.) However, Jon Bruning is never mentioned anywhere in plaintiff's complaint and is not named as a defendant. Therefore, the Court will disregard plaintiff's reference to Jon Bruning and assume plaintiff inadvertently listed Jon Bruning in the caption of his motion to appoint counsel.

officers "secretly conducted surveillance on [plaintiff and his girlfriend's] residence, as they planned to remove the [infant from the home]." (*Id.* at CM/ECF pp. 3-4.)

On October 30, 2012, the Juvenile Court of Lancaster County, Nebraska, placed plaintiff's infant son and his girlfriend's minor children in the custody of DHHS. (*Id.* at CM/ECF p. 4.) Bruno and LPD officers went to plaintiff's residence to take physical custody of the children, but plaintiff and his girlfriend were not home. Plaintiff alleges he and his girlfriend had taken the infant and "relocate[d] to a local motel in Lincoln to avoid the lack of privacy at their home." (*Id.*) Plaintiff claims he was unaware of the custody order that had been entered in the juvenile court. (*Id.* at CM/ECF p. 5.) Thereafter, LPD officers learned that plaintiff, his girlfriend, and the infant were staying in the motel. (*Id.*)

On November 2, 2012, LPD officers secured a warrant and then forced their way into plaintiff's motel room. As the officers were forcing their way into the room, "Plaintiff froze, holding his [infant son] near him by the door" and then "ran into the bathroom trying to protect his [son] from being harmed." (*Id.* at CM/ECF p. 5.) A "physical struggle" ensued, which plaintiff's girlfriend captured on a cellular phone camera. (*Id.* at CM/ECF p. 6.) During this struggle, "Sergeant Price grabbed the plaintiff's shoulder and told Officer Wilkinson to twist the plaintiff's arm to get him down. During this, Sergeant Price told another officer to put the plaintiff in a chokehold." (*Id.*)

Plaintiff alleges he was later diagnosed with a sprained neck. (*Id.*)

On November 2, 2012, plaintiff was charged with child abuse, and an attorney was appointed to represent him. Plaintiff alleges his attorney refused to file a motion to retrieve evidence that was in prosecutor Holly Parsley's possession, and was generally ineffective in representing him. (*Id.* at CM/ECF pp. 6-7.) Plaintiff pled no contest to child abuse, was sentenced to 30 to 48 months imprisonment, and his parental rights were terminated. (*Id.* at CM/ECF p. 7.)

Liberally construed, plaintiff alleges Bruno and NDHHS falsely accused him of exposing minor children to domestic violence and drug abuse, their investigation into the allegations of abuse was negligent, and they violated his right to substantive due process. Plaintiff also alleges LPD officers violated his right to substantive due process by "induc[ing]" him to commit child abuse. (*Id.* at CM/ECF pp. 8-9). In addition, LPD officers failed to read plaintiff his *Miranda*[2] rights following his arrest. (*Id.*) As relief, plaintiff seeks monetary damages in the amount of $2,001,000.00. (*Id.* at CM/ECF p. 10.) Plaintiff also asks the Court to "consider [] Plaintiff's case since [*Miranda*] safeguards were not used." (*Id.* at CM/ECF p. 9.)

---

[2]*See Miranda v. Arizona, 384 U.S. 436 (1966).*

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

**A.   David Bruno**

Plaintiff alleges Bruno and LPD officers violated his right to substantive due process (Filing No. 1 at CM/ECF p. 8). Plaintiff fails to specifically identify which LPD officers violated his rights; thus, the Court will analyze this claim only as it relates to Bruno.

To establish a substantive due process violation, plaintiff must demonstrate that a fundamental right was violated and that Bruno's conduct shocks the conscience.  *See Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 980 (8th Cir. 2013).  "'[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).  "[O]nly a purpose to cause harm *unrelated to the legitimate object of* [the government action in question] will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation."  *Id.* (quoting *Lewis*, 523 U.S. at 836).

Plaintiff offers no factual content that would allow the Court to draw the reasonable inference that Bruno acted in an egregious, outrageous, or shocking manner, or that he had an intention to cause harm unrelated to his investigation into allegations of child abuse.  Accordingly, plaintiff's due process claim fails to state a claim upon which relief may be granted.

On the Court's own motion, plaintiff will be given an opportunity to file an amended complaint that states a plausible claim for relief against Bruno.

**B.   C.J. Roberts and D. Lind**

Plaintiff lists Roberts and Lind in the caption of the complaint, but does not allege any specific acts committed by these individuals.  A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant.  See Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (citing Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).  Because plaintiff failed to allege that Roberts and Lind were personally involved in violating his constitutional rights, his complaint fails to state a claim upon which relief may be granted against them.  See Topchian v. JPMorgan Chase Bank, N.A., No. 13-2128, ---F.3d ----, 2014 WL 3703995, at *4 (8th Cir. July 28, 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.")  Plaintiff will be given an opportunity to file an amended complaint that states a plausible claim for relief against Roberts and Lind.

**C.  Holly Parsley**

Plaintiff alleges Parsley withheld exculpatory evidence, which resulted in plaintiff's conviction for child abuse.  Plaintiff also alleges Parsley had a "secret ex parte communication with [Plaintiff's] Defense Attorney," which resulted in plaintiff's imprisonment and the termination of his parental rights.  This communication consisted of Parsley and plaintiff's defense attorney discussing use of cell phone evidence in plaintiff's criminal prosecution (Filing No. 1 at CM/ECF p. 7).

Plaintiff's claims against Parsley fail for two reasons.  First, the claims necessarily call into question the validity of plaintiff's conviction and are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  *Heck*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Anderson v. Franklin Cnty., Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999).  Second, Parsley is entitled to prosecutorial immunity because plaintiff alleges no facts against her that would fall outside of her duties in initiating and pursuing a criminal prosecution.  *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a

criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Accordingly, plaintiff's claims against Parsley will be dismissed.

**D.   Requests for Relief Relating to State Court Judgments**

To the extent plaintiff is, in effect, seeking federal review of the Court's orders convicting him of child abuse and terminating his parental rights, this Court lacks subject matter jurisdiction to do so.  *See*, *e.g.*, *Luh v. Luh*, No. 4:05-CV-621-DDN, 2005 WL 1860265, at *1 (E.D.Mo. Aug. 4, 2005) (citing *Ernst v. Child and Youth Servs. of Chester Cnty.*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment)).  In addition, pursuant to the *Rooker-Feldman* doctrine, "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court."  *Id.* (quoting *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001)).  Moreover, plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction.  *See*, *e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

**E.    State Law Claims**

Plaintiff also alleges state law claims for negligence, libel, and defamation.  Pending amendment of the complaint, as set forth in this memorandum and order, the Court makes no finding regarding its jurisdiction over any potential state law claims.

### IV.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel (Filing No. 9).  The Court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . .  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ."  *Id.* (quotation and citation omitted).  No such benefit is apparent here.  Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS ORDERED:

1.   Plaintiff shall have 30 days from the date of this memorandum and order to amend his complaint to clearly state a claim upon which relief may be granted against defendants.  If plaintiff fails to file an amended complaint, plaintiff's complaint will be dismissed without further notice for want of prosecution.

      2.   In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

      3.   The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on September 19, 2014, and dismiss if none filed.

      4.   Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

      5.   Plaintiff's motion for appointment of counsel (Filing No. 9) is denied without prejudice to reassertion.

      DATED this 18th day of August, 2014.

                             BY THE COURT:

                             /s/ Lyle E. Strom
                             _____
                             LYLE E. STROM, Senior Judge
                             United States District Court

---

    \* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.