IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ERIC D. STEPHENSON,         )
                            )
          Plaintiff,        )         4:14CV3097
                            )
     v.                     )
                            )
DAVID BRUNO, et al.,        )         MEMORANDUM AND ORDER
                            )
          Defendants.       )
_____)
```

This matter is before the Court on review of Eric Stephenson's complaint (Filing No. 1) and amended complaint (Filing No. 16) (together "complaints"). Stephenson was granted leave to proceed in forma pauperis in this matter. The Court now reviews the complaints in accordance with 28 U.S.C. § 1915(e). For the reasons discussed below, the Court finds Stephenson's complaints state a plausible excessive-force claim against three officers of the Lincoln Police Department ("LPD").

## I.   BACKGROUND

**A.   Summary of Complaint**

Stephenson filed his complaint (Filing No. 1) pursuant to 28 U.S.C. § 1983 on May 12, 2014. He named the following individuals as the defendants: David Bruno, C.J. Roberts, LPD Officer D. Lind, and Deputy County Attorney Holly Parsley. The allegations in the complaint set forth that Bruno, acting as an investigator for the Nebraska Department of Health and Human Services ("DHHS"), took steps to remove Stephenson's five-week-old infant (hereinafter referred to by his initials, "M.S.") from Stephenson's care. On October 30, 2012, the Juvenile Court of

Lancaster County, Nebraska, placed M.S. in the custody of DHHS. Thereafter, LPD officers forced their way into a motel room occupied by Stephenson, his girlfriend, and M.S.  The officers forcibly removed M.S. from Stephenson's arms by placing Stephenson in a choke hold and twisting his arms.  Stephenson later pled no contest to child abuse and was sentenced to 30 to 48 months imprisonment.  In addition, his parental rights to M.S. were terminated.[1]  (Filing No. 1 at CM/ECF pp. 2-7.)

Stephenson alleged in the complaint that Bruno falsely accused him of exposing M.S. to domestic violence and drug abuse, his investigation into the allegations of abuse were negligent, and he violated Stephenson's right to substantive due process. He also alleged that LPD officers violated his right to substantive due process by "induc[ing]" him to commit child abuse.  Finally, he alleged LPD officers failed to read him his *Miranda*[2] rights following his arrest.  (Filing No. 1 at CM/ECF pp. 8-9.)

B.  **Findings on Initial Review**

The Court conducted an initial review of the complaint on August 18, 2014 (Filing No. 14), and determined Stephenson's substantive due process claims against Bruno and unnamed LPD officers failed to state a claim upon which relief could be

---

[1] For a more detailed summary of plaintiff's allegations in the complaint, see the Court's order on initial review dated August 18, 2014 (Filing No. 14 at CM/ECF pp. 1-4).

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

granted.  The Court determined Stephenson had failed to state a claim against Roberts and Lind because he had only listed their names in the caption of the complaint without alleging they were personally involved in any alleged misconduct.  In addition, the Court determined Stephenson's claims against Parsley failed because they called into question the validity of Stephenson's conviction and because Parsley was entitled to prosecutorial immunity.  Finally, the Court noted it lacked subject-matter jurisdiction to conduct appellate review of the Nebraska state courts' orders convicting Stephenson of child abuse and terminating his parental rights.  (*See* Filing No. 14 at CM/ECF pp. 6-9.)

      The Court gave Stephenson 30 days in which to amend his complaint to clearly state a claim upon which relief may be granted against the defendants.  (Filing No. 14 at CM/ECF pp. 6-9.)  Stephenson filed an amended complaint (Filing No. 16) on October 29, 2014.  Stephenson named the following individuals as the defendants in his amended complaint:  Deputy County Attorney Holly Parsley, and LPD Officers Dustin Lind, Craig Price, Jacob Wilkinson, and Angela Morehouse.[3]  (Filing No. 16 at CM/ECF p.

---

[3] Stephenson did not list Parsley, Lind, Price, Wilkinson, and Morehouse in the caption of the amended complaint.  However, they are identified as "defendants" in the body of the pleading and Stephenson made specific allegations against them.  Therefore, the Court will treat them as defendants.  *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

1.)  Stephenson abandoned his claims against David Bruno and C.J. Roberts.  (*See* Filing No. 16 at CM/ECF p. 6.)

## II.  DISCUSSION

### A.  Claims Against Parsley

Stephenson's claims against Parsley may not proceed to service of process for the reasons discussed in the Court's Memorandum and Order dated August 18, 2014.  (*See* Filing No. 14 at CM/ECF pp. 8-9.)  Specifically, the claims necessarily call into question the validity of Stephenson's conviction and are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In addition, she is entitled to prosecutorial immunity because Stephenson alleges no facts against her that would fall outside of her duties in initiating and pursuing a criminal prosecution.  *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).  Accordingly, Stephenson's claims against Parsley will be dismissed.

### B.  Claims for Violations of *Miranda*

Stephenson alleged LPD officers "failed to read him his *Miranda* rights."  (Filing No. 16 at CM/ECF p. 5.)  This is not a cognizable claim in a § 1983 action.  *Warren v. City of Lincoln, Nebraska*, 864 F.2d 1436, 1442 (8th Cir.) (en banc), *cert. denied*, 490 U.S. 1091 (1989).  "The remedy for [an] alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action."  *Brock v. Logan Cnty. Sheriff's Dep't of Arkansas*, 3 F.3d 1215, 1217 (8th Cir.

1993) (per curiam); *see also Hannon v. Sanner*, 441 F.3d 635, 637 (8th Cir. 2006) (citing *Warren* and *Brock*).

Moreover, even if Stephenson's *Miranda* claim were cognizable in this action, he has not alleged that he made any statements after being subjected to interrogation.  Rather, he alleged only that he was taken into custody and not given a *Miranda* warning.  *See United States v. Bazile*, No. 13-20173-CR, 2013 WL 3776271, at *10 (S.D. Fla. July 17, 2013) ("Despite popular misconceptions, the police . . . don't always have to give an interviewee a *Miranda* warning.  Rather, Miranda is required only when a person is (1) in custody and (2) under interrogation.").

**C.   Individual-Capacity Claims Against Lind, Price, and Wilkinson**

Liberally construed, Stephenson alleged in his complaint and amended complaint that LPD officers used excessive force when they executed a warrant authorizing them to take physical custody of M.S.  To show a Fourth Amendment violation by the use of force, a plaintiff must establish that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene."  *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996 ERW, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime,

whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

According to Stephenson's complaints, officers had a warrant to use forceful entry at any hour to obtain physical custody of M.S.  Stephenson alleged he did not know about the warrant when officers forced their way into a motel room occupied by him, his girlfriend, and M.S.  When the officers forcefully entered the room, Stephenson, who was holding M.S., ran into the bathroom to protect him from being harmed.  After officers pursued him, he backed out slowly toward the officers, at which time Officer Dustin Lind placed Stephenson in a choke hold while Officer Craig Price twisted Stephenson's right arm behind him and Officer Jacob Wilkinson pulled Stephenson's left arm.  Stephenson alleges the officers' use of force resulted in multiple injuries including a sprained neck.  (*See generally* Filing Nos. 1 and 16.)

The documents attached to Stephenson's amended complaint paint a much different picture.  The warrant to take physical custody of M.S. set forth the following:  "The child's father[, Stephenson,] has an extensive violent criminal history and he has said that officers would have to kill him in order to take his son pursuant to this Court's order."  (Filing No. 16 at CM/ECF p. 70.)  According to the police reports attached to the amended complaint, Stephenson refused to turn over M.S. to police upon being notified of the warrant, refused to open the door for officers, attempted to flee from the officers while holding M.S.,

-6-

and actively resisted arrest while holding M.S. (Filing No. 16 at CM/ECF pp. 12-13.)

The police reports attached to the amended complaint suggest LPD officers' use of force was reasonable in light of the circumstances. However, when liberally construed, Stephenson's complaints dispute the veracity of portions of the police reports. Specifically, Stephenson alleged he attempted to negotiate with the officers prior to their forceful entry into the room, he backed out slowly toward them, and he merely held M.S. close to his chest in order to protect him from harm. In addition, Stephenson made notations throughout the police reports attached to the amended complaint disputing the statements made within those reports. (*See, e.g.*, Filing No. 16 at CM/ECF p. 17.)

In light of the liberal construction afforded to pro se litigants' pleadings, the Court finds that Stephenson has sufficiently alleged Fourth Amendment excessive-force claims against Lind, Price, and Wilkinson in their individual capacities. The Court cautions Stephenson that this is only a preliminary determination based solely on the allegations in the complaints. This is not a determination of the merits of Stephenson's claims or potential defenses thereto.

**D. Official-Capacity Claims Against Lind, Price, and Wilkinson**

Stephenson has not stated a plausible claim for relief against Lind, Price, and Wilkinson in their official capacities. The Court construes Stephenson's claims against them in their

-7-

official capacities as being a suit against the City of Lincoln, Nebraska. The City of Lincoln may only be liable under Section 1983 if its "policy" or "custom" caused a violation of plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Stephenson has not alleged a policy or custom was the moving force behind the officers' actions. Accordingly, his claims against Lind, Price, and Wilkinson in their official capacities will be dismissed.

**E.   Claims Against Morehouse**

Stephenson also raised an excessive-force claim against Morehouse for "excessively pull[ing]" on M.S.'s arm. (Filing No. 16 at CM/ECF p. 3.) However, pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Indeed, even if Stephenson's parental rights were intact, "[n]on-attorney parents generally may not litigate the claims of their minor children in federal court." *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (quoting *Myers v. Loudoun Cnty. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) (citing cases in other circuits)). "While there are some situations in which parents may bring pro se claims on behalf of their children -- such as an application for Social Security benefits -- 'no comparable exception has ever been recognized for a lawsuit based

on § 1983 or general state tort law.'"  *Id.* (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010)).  For these reasons, Stephenson may not assert claims on behalf of M.S.  Therefore, Stephenson's claims against Morehouse will be dismissed.

IT IS ORDERED:

1.   Stephenson's claims against Holly Parsley are dismissed with prejudice.  Stephenson's claims against David Bruno, C.J. Roberts, and Angela Morehouse are dismissed without prejudice.  Stephenson's official-capacity claims against Dustin Lind, Craig Price, and Jacob Wilkinson are dismissed without prejudice.

2.   Stephenson's individual-capacity claims against Dustin Lind, Craig Price, and Jacob Wilkinson may proceed to service of process.  The clerk's office is directed to update the Court's records to reflect that Dustin Lind, Craig Price, and Jacob Wilkinson are defendants in this matter.  To obtain service of process on these individuals, Stephenson must complete and return the summons forms that the Clerk of the Court will provide.  The Clerk of the Court shall send three summons forms and three USM-285 forms to Stephenson, together with a copy of this Memorandum and Order.  Stephenson shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court.  In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the complaint and amended complaint to the U.S. Marshal for service of process. The Marshal shall serve the summonses and the complaint and amended complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the complaint and amended complaint, and Stephenson does not need to do so.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Stephenson is informed for the first time of these requirements, Stephenson is granted, on the Court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Stephenson is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. The Clerk of the Court is directed to set a case management deadline in this case with the following text: "March 14, 2015: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending.

      8.    Stephenson's Objection (Filing No. 15) to the Court's Memorandum and Order dated August 18, 2014, is overruled.

DATED this 12th day of November, 2014.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

    * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.