IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ERIC D. STEPHENSON,           )
                              )
          Plaintiff,          )      4:14CV3097
                              )
     v.                       )
                              )
DAVID BRUNO, et al.,          )      MEMORANDUM AND ORDER
                              )
          Defendants.         )
_____)
```

This matter is before the Court on the motion (Filing No. 28) of the defendants to dismiss the plaintiff's amended complaint (Filing No. 16) pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Plaintiff Eric Stephenson ("Stephenson") appears *pro se* and is proceeding in *forma pauperis*. Stephenson has filed an timely response which does not address the issues.[1] The Court finds as follows.

I.  BACKGROUND

Stephenson filed his original complaint (Filing No. 1) pursuant to 28 U.S.C. § 1983 on May 12, 2014. He named the following individuals as the defendants: David Bruno, C.J. Roberts, Lincoln Police Department ("LPD") Officer D. Lind, and Deputy County Attorney Holly Parsley. The allegations in the complaint set forth that Bruno, acting as an investigator for the Nebraska Department of Health and Human Services ("DHHS"), took

---

[1] The Court will not appoint the plaintiff a public defender (Filing No. 31, at 2). This matter is a civil case and Stephenson is not a criminal defendant. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citing *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995).

steps to remove Stephenson's five-week-old infant (hereinafter referred to by his initials, "M.S.") from Stephenson's care.  On October 30, 2012, the Juvenile Court of Lancaster County, Nebraska, placed M.S. in the custody of DHHS.  Thereafter, LPD officers forced their way into a motel room occupied by Stephenson, his girlfriend, and M.S.  The officers forcibly removed M.S. from Stephenson's arms by placing Stephenson in a choke hold and twisting his arms.  Stephenson later pled no contest to child abuse and was sentenced to 30 to 48 months imprisonment.  In addition, his parental rights to M.S. were terminated (Filing No. 1, at  2-7; *see also* Filing No. 14, at 1-4).

       Stephenson alleged in the original complaint that Bruno falsely accused him of exposing M.S. to domestic violence and drug abuse, his investigation into the allegations of abuse were negligent, and he violated Stephenson's right to substantive due process.  He also alleged that LPD officers violated his right to substantive due process by "induc[ing]" him to commit child abuse.  Finally, he alleged LPD officers failed to read him his *Miranda* rights following his arrest (Filing No. 1, at 8-9).

       This Court reviewed Stevenson's original complaint (Filing No. 14).  The Court granted Stephenson leave to file an amended complaint.  This Court then evaluated Stevenson's amended complaint (Filing No. 21).  In the amended complaint, Stephenson named as defendants Deputy County Attorney Holly Parsley, LPD Officers Dustin Lind, Craig Price, Jacob Wilkinson, and Angela

Morehouse (*Id.* at 3).  The Court dismissed a number of claims and some defendants with prejudice.  The Court allowed Stephenson to pursue a § 1983 action for violation of his Fourth Amendment protection against excessive force against defendants LPD officers Dustin Lind ("Lind"), Craig Price ("Price"), and Jacob Wilkinson ("Wilson") (collectively, the "defendants") in their individual capacities.

On November 12, 2014, the Court instructed Stephenson (Filing No. 21, at 9-11) to perfect service of process on the remaining defendants within 120 days of that order, which would be approximately March 13, 2015.  Stephenson attempted to perfect service on or about November 26, 2014 (Filing No. 23).  Each of the three summons were returned "executed upon defendant" Lind, Price, and Wilkinson (Filing No. 24, Filing No. 25, and Filing No. 26).  The returned summons all bear the signature of Captain Morrow, who checked a box certifying he was designated by law to accept service of process on behalf of the LPD, where the defendants work.

Defendants raise two issues:  first, that Stephenson failed to perfect service against the defendants in their individual capacities and second, that Stephenson failed to sufficiently plead his case against the defendants.

II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) requires a plaintiff to follow the procedures set forth in Federal Rule of Civil Procedure 4.  "If a defendant is improperly served, a

federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc., v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Pursuant to Federal Rule Civil Procedure 12(b)(6), the Court must determine whether the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Palmer v. Illinois Farmers Ins. Co.*, 666 F.3d 1081 (8th Cir. 2012). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys and courts are charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean a court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for

relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 556. Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Accordingly, the Supreme Court has prescribed a "two-pronged approach" for evaluating Rule 12(b)(6) challenges. *Id.* First, a court should divide the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be examined for facial plausibility. *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully). A court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 558; *Iqbal*, 556 U.S. at 679.

III. DISCUSSION

A.   SERVICE OF PROCESS

The Court notes that the defendants' service-of-process argument is premature. The Court granted Stephenson until the middle of March to perfect services of process. The defendants filed their motion to dismiss on December 24, 2014 (Filing No. 30). It is now early February. Therefore, assuming that Stephenson's service of process on the defendants was deficient, Stephenson has time to correct that deficiency pursuant to this Court's order (Filing No. 21). The defendants seek dismissal in direct opposition to this Court's previous order and the Court will deny the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

However, the Court will go a step further to address the merits of the defendants' service-of-process arguments. There is no doubt that Stephenson failed to perfect service under Federal Rule of Civil Procedure 4(e)(2), but the Court disagrees with the defendants that Stephenson's attempted service of process failed to satisfy Federal Rule of Civil Procedure 4(e)(1) through Nebraska Revised Statutes Section 25-508.01.

The defendants rely upon a Nebraska Supreme Court case from 1899, last cited by a court in 1946. Filing No. 30, at 4-6 (citing *Wittstruck v. Temple*, 58 Neb. 16, 16, 78 N.W. 456, 457 (1899)); *De Lair v. De Lair*, 146 Neb. 771, 776, 21 N.W.2d 498,

501 (1946) (citing *Wittstruck* for an unrelated matter).  That case held "summons could not be legally served upon [a defendant in his individual capacity] by leaving a copy [of the summons and complaint] at his usual place of business.  Service could only be made by delivering a copy to him personally, or by leaving one at his usual place of residence."  *Wittstruck*, 58 Neb. at 16, 78 N.W. 456, 457 (citing *Aultman & Taylor Co. v. Steinan*, 8 Neb. 109).  This Nineteenth Century opinion does not withstand the test of time, particularly in light of more recent precedent.

In 2010 in *Doe v. Board of Regents of the University of Nebraska*, the Nebraska Supreme Court considered sufficiency of process.  Plaintiff Doe sued the University of Nebraska Medical Center ("UNMC") faculty in their individual capacities.  *Doe v. Board of Regents of the University of Nebraska* ("*Doe I*"), 280 Neb. 492, 508, 788 N.W.2d 264, 279 (2010).  However, Doe did not serve the defendants at their personal residences; he served the defendants "individually by sending the complaint, by certified mail, to the risk management office at UNMC."  *Id.*, 788 N.W.2d at 280.  Though the district court found that such service of process was insufficient, the Supreme Court reversed and remanded the case to the district court.  The Supreme Court adopted the following analysis:

> [Nebraska Revised Statutes] Section 25-505.01 governs service by certified mail.  Section 25-505.01(c)(I) requires that service of summons be made "within ten days of issuance, sending the summons to the defendant by certified mail with a return

> receipt requested showing to whom and where delivered and the date of delivery."
>
> Unlike many state statutes that permit certified mail service, § 25-505.01 does not require service to be sent to the defendant's residence or restrict delivery to the addressee.  But due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections.  As stated, the district court made no findings regarding service, and we cannot determine from the record whether sending the summons to UNMC's risk management office was reasonably calculated to notify each defendant that he or she had been sued in his or her individual capacity.
>
> . . .
>
> So, the only issue regarding individual service is whether service by certified mail at UNMC's risk management office was reasonably calculated to notify the defendants in their individual capacities.  We conclude that this question presents an issue of fact, and we remand the cause for that determination.

*Id.* at 508-09, 788 N.W.2d at 280 (citing John P. Lenich, *Nebraska Civil Procedure* § 10:9 (2008); 62B *Am. Jur. 2d Process* § 211 (2005); *County of Hitchcock v. Barger*, 275 Neb. 872, 750 N.W.2d 357 (2008)).

       In 2012, *Doe v. Board of Regents of the University of Nebraska* was again before the Nebraska Supreme Court, and the Court reviewed the district court's granting of summary judgment

-8-

in favor of the defendants in their official and individual capacities. *Doe v. Board of Regents of the University of Nebraska* ("*Doe II*"), 283 Neb. 303, 307, 809 N.W.2d 267, 268 (2012). The opinion is silent on the issue of service of process; however, the individual claims against the defendants remained despite service of the individual defendants at their place of business by certified mail.

*Doe I* and *Doe II* are similar to the facts in this case. The United States Marshal's office sent the service of process by certified mail to the defendants' place of business within ten days of the summons issuance. *See* Filing No. 23 (November 26, 2014), Filing Nos. 24-26 (December 11, 2014), Fed. R. Civ. P. 6(a)(1)(A)-(C); Filing No. 21, at 10, ¶ 3 ("The Marshal shall serve the summonses and the complaint and amended complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal."). The sufficiency of service in this case, therefore, is whether the service "was reasonably calculated to notify each defendant that he or she had been sued in his or her individual capacity." *Doe I*, 280 Neb. at 509, 788 N.W.2d at 280. This question "presents an issue of fact." *Id.* A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) requires a defendant to demonstrate that the plaintiff failed to follow the procedures set forth in Federal Rule of Civil Procedure 4. Because the defendants have not addressed whether the service was reasonably calculated to

notify each defendant that he or she had been sued in his or her individual capacity, the defendants have failed their burden. For this reason, the Court will deny the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

B.   SECTION 1983 CAUSES OF ACTION

In their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants address three causes of action:  violation of the Fourth Amendment protection against excessive force, violation of the Fifth and Fourteenth Amendment protections of due process, and violation of the Fourteenth Amendment protection of equal protection.  Filing No. 30, 11-13.  The Court will not address the excessive force claim again at this time.  *See* Filing No. 21, at 5-7 (addressing the excessive force claim at length).  Also, the Court struck Stephenson's due process and equal protection claims.  *Id.* Stephenson has a single cause of action:  his claim of excessive use of force against the defendants in their individual capacities.  Therefore, the Court will deny the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS ORDERED:

1) The defendants' motion (Filing No. 28) to dismiss the amended complaint (Filing No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(5) is denied without prejudice.

2) The defendants' motion (Filing No. 28) to dismiss the amended complaint (Filing No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice.

3) Plaintiff's motion (Filing No. 31) is denied.

DATED this 6th day of February, 2015.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court